IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jimmy Harrison, ) | C/A 2:14cv00818-MGL-WWD |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Joann Ross and Southern Health ) | |
| Partners, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This conditions of confinement claim brought pursuant to 42 U.S.C. § 1983[1] filed by the Plaintiff, Jimmy Harrison, proceeding <u>pro se</u> and <u>in forma pauperis</u>, is before the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina for a report and recommendation on the Defendants' motion for summary judgment filed on September 3, 2014. (Dkt. 32).  Plaintiff, a pre-trial detainee at the Laurens County Detention Center (LCDC) at all relevant times, alleges violations of his constitutional rights to adequate medical care by the named Defendants, Joann Ross,[2] a nurse at the LCDC,

---

[1] Section 1983, titled a "Civil Action for Deprivation of Rights," reads in relevant portion: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. §1983.

[2] The Defendant is actually named Joanne Ross.

1

and her employer, Southern Health Partners, which is contracted to provide medical care to detainees at LCDC.  The Plaintiff seeks damages.

The case was reassigned to the undersigned on June 5, 2014.  The Defendants were served and answered the complaint on June 19, 2014. (Dkt. 22).  They filed their motion for summary judgment on September 3, 2014, along with the affidavit of Defendant Ross attesting to the care which was provided to the Plaintiff along with various exhibits totaling over one hundred forty (140) pages including the Plaintiff's intake medical records, Plaintiff's Requests to Staff and responses thereto, orders for prescribed medications for the Plaintiff, and the Plaintiff's medical records.

On September 4, 2014,  the Plaintiff was provided a copy of the Defendants' motion and was given an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  On October 6, 2014, the Plaintiff filed his opposition to the summary judgment motion in the form of his affidavit and several exhibits.  Hence, it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Pursuant to FED.R.CIV.P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary

judgment is mandated. FED.R.CIV.P. 56(c).

To avoid summary judgment on the Defendants' motion, the Plaintiff must produce evidence creating a genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986). Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. FED.R.CIV.P. 56(e). See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968).

In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson at 255, 106 S.Ct. at 2513–14. In addition, genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial is not an entitlement; it exists to resolve what reasonable minds would recognize as real factual disputes. See Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980).

### THE COMPLAINT AND PLAINTIFF'S EVIDENCE

Specifically, the Plaintiff alleged in his verified complaint[3] filed on March 11,

---

[3] In this Circuit, verified complaints by pro se litigants are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991).

2014, (Dkt. 1), verbatim:

> Prior to coming to, Johnson Detention Center, I had back surgery. A bone was fuesed to my spine, holes drlled into spine, and bolts was placed in my spine to hold spine together. My back was so messed up after the surgery that I was given 90 10 mg of hydracodone, and 60 40 mg of oxycontin just to be able to funtion.
>
> When I was arrested here, I was placed on the floor to lay and sleep for 3 days & nights, even though there were plenty of empty bed. I complained of having severe pain. The nurse only gave me two (2) Iburprofen. After I was here for several months, the dr. here gave me 1 50 mg ultrum in the a.m., and 1 50 mg ultrum in the p.m. which did nothing for pain. I told the dr. that ultrum only upset my stomach that I needed something for pain, if only Tylenol. She stoped the ultrum and put me on Tylenol for 30 days, then stopped the pain medication. It took my dr. from the pain clinic to call a prescription, for Tylenol to CVS drug store so I would at least have something. But, Southern Health Partners refused to give me any thing for pain.
>
> I got sick in June of 2013. I had to go to the cancer center in Greenville, S.C. to see a doctor Suzanne Flanning, a blood doctor. She informed me that I was 5 pints of blood low. For four (4) weeks I had to have an infusion to put iron and others medication back in my body to build my blood up.
>
> After the 4th and final week I was on the infusion, Dr. Flanning wrote me a prescription, with refills, to build my blood up. After getting back to the Detention Center, Joann, the head L.P.N. wouldn't get the prescription filled that Dr. Flanning wrote for me. Joann told me that the prescription with refills was some over the counter pill, and she was gonna give me some Iron pills that she had. I didn't know what she was trying to give me, so I wouldn't take them.
>
> I have a hernia in my stomach the size of a football. I have a paper from Joann stating that I couldn't lay on my stomach due to the hernia, another one stating the same about my back due to surgery.
>
> Joann told me that I was scheduled to see a doctor at Laurens Co. Hospital. This was 12 or more weeks ago. On 2-7-14, Joann told me that the dr. from Southern Health call and told her to tell me that I might have a heart attack at any time due to low blood. Said I was in bad shape. That was a week or so ago, an still they haven't done 'anything to help me.' On 2-26-14 Joann told me that I had, Dibities, and it was 9.1. They give me a pill, Saturday, Friday. But didn't tell me what I needed to do.
>
> The dr. also gave me pills to try and stop the bleeding in my stomach. So they know I am bleeding. I need to be in a hospital. But they don't want to spend the

money.

The Plaintiff's opposition to the motion repeats with further detail allegations contained in the complaint and included medical records which had already been made part of the record.

DISCUSSION

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).  A legal action under Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).  To be successful on a claim under Section 1983, a Plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

The Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs.  The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment, that is, deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir.1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)  (citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285,

50 L.Ed.2d 251 (1976)). "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical need of the detainee." Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir.1990) (citing Martin v. Gentile, 849 F.2d 863, 871 (4th Cir.1988)). In order to state a claim, "[a] plaintiff must satisfy two elements ...: he must show a serious medical need and he must prove the defendant's purposeful indifference thereto." Sires v. Berman, 834 F.2d 9, 12 (1st Cir. 1987). In the case of Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." Id. (quoting Gregg v. Georgia, 428 U.S. 153, 169–73, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.... We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, *supra*, at 173, (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Id. at 103–105 (footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the Court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> ... a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

6

> Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Id. at 107.  The court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citation omitted), ... nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Miltier v. Beorn, 896 F.2d 848, 841 (4th Cir.1990).  Unless medical needs were serious or life threatening, and the Defendant was deliberately and intentionally indifferent to those needs of which he or she was aware at the time, the Plaintiff may not prevail. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir.1986).

A review of the record and relevant case law reveals that the Defendants' motion for summary judgment should be granted as there is not only no evidence in the record to support Plaintiff's assertions of inadequate/improper medical care, but the Plaintiff's own submissions support that he is receiving medical care, both inside and outside of the LCDC.  As such, the Plaintiff has failed in his burden to forecast evidence of a genuine question of material of fact as to whether these Defendants have been "deliberately indifferent" to any serious medical need, and, as a result, they are entitled to judgment as a matter of law.

Assuming argumento, that the Plaintiff's various medical complaints rise to the level of serious medical needs, the record fails to show that the Defendants were deliberately indifferent to any of them.  As set forth in Plaintiff's own filings, Plaintiff was provided with pain medications - Tylenol and then "ultrum" - in response to his back

pain, and was switched from one to the other upon his own request. (Dkt 1).  The Plaintiff alleges that he was sent to a hematologist/oncologist for specialized treatment and given iron supplements for his "low blood" condition, but the Plaintiff, himself, refused the medication. (Id; Dkt 29-1).  The Plaintiff acknowledges that he was sent for an outside surgical consultation for his hernia condition. (Id.)  Based on the Plaintiff's own materials, the Plaintiff has been provided with medical attention and treatment for his ailments, negating any claim of "deliberate indifference" and warranting summary judgment. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (upholding trial court's grant of summary judgment where doctor and others provided inmate with medical treatment on numerous occasions such that issue was one of disagreement as to care rather than indifference); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986) (where records demonstrated prisoner received substantial medical treatment, there was no deliberate indifference by medical defendants warranting summary judgment).

As set forth in the affidavit of Nurse Joanne Ross and the voluminous records outlining the Plaintiff's treatment and care at the LCDC, the Defendants have provided extensive treatment to the Plaintiff during the almost year-and-a-half that he has been detained. (Ross Affidavit ¶ 4).  The Plaintiff has received daily medications for his high blood pressure, low iron blood condition, back pain and diabetes, which diabetes was discovered by the Defendants. (Id. at ¶¶ 4, 5, 7, 10, 12, 14, 16).  The Defendants have conducted tests to regularly monitor the Plaintiff's blood levels and diabetes. (Id. at ¶¶ 11, 15, 16).  The Defendants have arranged for specialized treatment by a hematologist for the Plaintiff's blood condition, and for an outside surgical consultation for the Plaintiff's hernia. (Id. at ¶¶ 12-16, 19-21).  The Defendants have administered the

8

prescriptions as issued by the hematologist (Id. ¶¶ 12, 14); made arrangements for the Plaintiff's follow up appointments, which continue to date (Id. ¶¶ 21, 13, 19); and have followed the conclusion of the outside surgeon that surgery to repair the Plaintiff's hernia was not necessary (Id. ¶ 21). Indeed, if anything, it is the Plaintiff's own actions in refusing necessary medications that have made his treatment more difficult. (Id. ¶¶ 7-8, 12, 15, 17-18). The Plaintiff's allegation that the Defendants "haven't done anything to help me" (Dkt 1) is simply not credible.

Here, it appears that the Plaintiff believes that he should be given different medications or different forms of treatment; these beliefs are not only factually and medically unsupported, but are, at best, a disagreement as to his medical care. It is beyond cavil that a detainee's disagreement does not establish a constitutional violation. Estelle, 429 U.S. at 107, 97 S.Ct. at 293 (where prisoner was seen by medical personnel on 17 occasions in a three-month period he did not state a constitutional violation but was merely a disagreement as to care); Martin v. Bowman, 48 F.3d 1216 (4th Cir. 1995) (provision of medical care but failure to provide elective alternatives was not deliberate indifference, especially where local government had interest in limiting the cost of care to pretrial detainees who could be transferred at any time); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (The mere fact that the Plaintiff may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation).

In addition, the Plaintiff failed to carry his burden to forecast evidence from which a reasonable jury could find the Defendants possessed the requisite state of mind. Here, where the medical department responded to each of the Plaintiff's sick call

requests (Ross Affidavit ¶ 22), took efforts to secure outside medications and specialized care for him (Id. ¶¶ 9, 12, 14, 19, 20), spoke with the Plaintiff and even had a meeting in the Captain's office about concerns for his health and safety and his complaints as to care (Id. ¶¶ 17-18), helped to secure special diets and extra sweatshirts and blankets as he requested to accommodate his conditions (Id. ¶ 22), and otherwise provided the extensive care set forth above; any argument of a culpable state of mind as to these Defendants is simply unsupported. (Id. ¶ 23). The Defendants' motion should be granted.

     Alternatively, the undersigned recommends the Defendant Southern Health Partners be granted summary judgment because, Southern Health Partners itself, is not an entity that is subject to suit under Section 1983. See Benson v. DeLoach, 2009 WL 3615026 (unpublished) (D.S.C. 2009); Werts v. County of Richland, 2007 WL 914039 (unpublished) (D.S.C. 2007). In addition, if the Plaintiff is suing this entity because it employed Defendant Nurse Ross, he fails in his medical claim because the doctrines of vicarious liability and *respondeat superior* are not applicable in Section 1983 actions. See, e.g., Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.").

## CONCLUSION

     Accordingly, for the aforementioned reasons, it is recommended that the Defendants' Motion for summary judgment under Rule 56(c) be granted and the action ended, and any other outstanding motions be denied as moot.

**IT IS SO RECOMMENDED**.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 20, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).