

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JIMMY HARRISON,<br>    Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 2:14-0818-MGL-WWD<br>§ |
| JOANN ROSS and SOUTHERN HEALTH PARTNERS,<br>    Defendants. | §<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND DENYING ALL OTHER OUTSTANDING MOTIONS AS MOOT**

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and all other outstanding motions be denied as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on October 20, 2014, but Plaintiff failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Plaintiff was a pre-trial detainee at the Laurens County Detention Center (LCDC) at all relevant times. He alleges violations of his constitutional right to adequate medical care by Defendant Ross, a nurse at LCDC, and Defendant Southern Health Partners, the contractor that provides medical care to LCDC detainees. Plaintiff seeks damages.

Plaintiff maintains that Defendants were deliberately indifferent to his serious medical needs. "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical need of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

"A plaintiff must satisfy two elements to present a viable claim: he must show a serious medical need, and he must prove the defendant's purposeful indifference thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir. 1987). As correctly noted by the Magistrate Judge, however, "Plaintiff has failed in his burden to forecast evidence of a genuine question of material of fact as to whether these Defendants have been 'deliberately indifferent' to any serious medical need, and, as a result, they are entitled to judgment as a matter of law." Report 7.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment is **GRANTED** and all other outstanding motions are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Signed this 19th day of November, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis  
MARY G. LEWIS  
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.